# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1327
Lower Tribunal No. 12-11918
_____


**Phillip Fultz,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stacy Glick and Victoria Brennan, Judges.

Phillip Fultz, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before WELLS, SHEPHERD and SCALES, JJ.

WELLS, Judge.

Phillip Fultz appeals from an order denying his Florida Rule of Criminal Procedure 3.850 motion in which he sought relief on four grounds. The first two grounds raise purported errors that occurred in 2012, when he entered a plea in this case. The second two grounds claim (1) that Fultz' counsel was ineffective because he failed to mount any defense or adduce evidence to rebut the State's claim that Fultz had violated the terms of his probation by (a) failing to pay the costs of supervision, and (b) by failing to participate in community service, and (2) that Fultz was found to have violated his probation on a claim not alleged in the probation violation affidavit.

We agree with the trial court that the plea colloquy appended to the order denying Fultz' motion on the first two grounds conclusively refutes these claims. As to his claim that his counsel was ineffective for failing to present any defense to the claim that Fultz failed to pay the costs of supervision and perform community service as required, the transcript of the probation violation hearing filed with this court in conjunction with Fultz' appeal from the order revoking his probation (appellate case number 3D13-2956) shows that Fultz was obligated as a condition of his probation to perform 150 hours of community service at a rate of 5 hours each month and to pay $103.72 per month toward the costs of supervision. That transcript further establishes that Fultz testified at the probation revocation hearing and admitted that he had performed no community service and that although he

2

had been gainfully employed he had paid none of the costs of supervision as expressly ordered. According to Fultz' own testimony, he had failed to comply with these conditions because he just was not taking them "seriously." On this record, we agree that the court below was correct in denying his claim that he is entitled to relief because his attorney was ineffective.

The record from the probation revocation proceeding further confirms that Fultz' probation was not revoked on a ground not alleged in the probation violation affidavit. That affidavit claimed, and the testimony was, that Fultz violated paragraph 7 of his probation order by failing to remain drug free. While paragraph 7 does contain two sentences, one requiring that he remain drug free, the other requiring that he refrain from frequenting places where intoxicants and drugs are used or sold, he was charged with violating the first sentence and based on testimony that he had tested positive for marijuana while on probation, the court below correctly determined that his probation should be revoked for this reason as well.

In sum, because all of Fultz' claims are refuted by the record, we affirm the trial court's order denying Fultz' February 3, 2016, rule 3.850 motion for relief from the order revoking his probation.